UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **OISHI ASIAN EXPRESS, INC.**, an Illinois corporation, **d/b/a OISHI HIBACHI STEAKHOUSE**, and **RENMIN ZHANG**, an individual, <br><br> Defendants. | Civil action no.: 02:16-cv-2377 |

## COMPLAINT

Plaintiff, **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin **OISHI ASIAN EXPRESS, INC.**, an Illinois corporation, **d/b/a OISHI HIBACHI STEAKHOUSE ("OISHI HIBACHI")**, and **RENMIN ZHANG**, an individual, (hereinafter collectively "defendants") from violating the provisions of sections 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq*.) ("the Act"), pursuant to section 17 of the Act.

### I.

Jurisdiction of this action is conferred upon the court by section 17 of the Act.

### II.

(a)    Defendant **OISHI HIBACHI** is an Illinois corporation having its main office and place of business at 2501 North Prospect Avenue, Champaign, Illinois 61822, which is within

the jurisdiction of this court and is and, at all times hereinafter mentioned, was engaged at that address in operating a restaurant.

(b) Defendant **RENMIN ZHANG**, an individual, sole owner and operator of defendant **OISHI HIBACHI** is and, at all times hereinafter mentioned, was actively supervising the day-to-day operations and management of **OISHI HIBACHI** in relation to its employees. At all times hereinafter mentioned, **RENMIN ZHANG** is and was engaged in business within Champaign County at 2501 North Prospect Avenue, Champaign, Illinois 61822, within the jurisdiction of this court. **RENMIN ZHANG** acted directly or indirectly in the interest of **OISHI HIBACHI** in relation to its employees and is an employer under section 3(d) of the Act.

### III.

Defendant **OISHI HIBACHI** is and, at all times hereinafter mentioned, was engaged in performance of related activities for a common business purpose, constituting an enterprise within the meaning of section 3(r) of the Act.

### IV.

Defendant **OISHI HIBACHI** has been and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, having been and being an enterprise having an annual dollar volume in excess of $500,000 exclusive of excise taxes at the retail level and having had and having employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been produced for or moved in commerce.

V.

Defendants, employers subject to the provisions of the Act, have repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that they have failed to make, keep and preserve adequate and accurate records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by regulations (29 C.F.R. § 516) issued by the United States Department of Labor. Records kept by defendants fail to show adequately and accurately, among other things, employees' hours worked and employees' earnings each workweek. Specifically, defendants failed to maintain records of the hours worked each workday and each workweek for all employees; records of daily or weekly earnings for all employees; and records of total wages paid to all employees including cash payments.

VI.

During the period since July 20, 2014, defendants have repeatedly violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, Plaintiff prays for a judgment against defendants as follows:

a.  For an Order pursuant to section 17 of the Act, permanently enjoining and restraining defendants and its officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of sections 11 and 15 of the Act; and

      b.      For an Order awarding Plaintiff costs of this action; and

      c.      For an Order granting such other and further relief as may be necessary or appropriate.

Respectfully submitted,

**M. PATRICIA SMITH**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**P.O. ADDRESS:**
U.S. Department of Labor
Office of the Solicitor
    Eighth Floor
230 S. Dearborn Street
Chicago, Illinois  60604
Telephone: (312) 353-1145
Email: Zhang.Jing@dol.gov

*/s/ Jing Zhang*
**JING ZHANG**
Attorney

Attorneys for **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, Plaintiff

**CERTIFICATE OF SERVICE**

  I certify that a copy of the foregoing **COMPLAINT** has been served on the below named individual this 12th day of December, 2016, by sending a copy by U.S. mail to:

    Nathaniel K. Hsieh
    Hsieh & Associates, P.C.
    2116B S. Archer Ave。
    Chicago, IL 60616


        */s/ Jing Zhang*
        **JING ZHANG**

        Attorney for **THOMAS E. PEREZ**,
        Secretary of Labor, United States
        Department of Labor, Plaintiff

        U.S. Department of Labor
        Office of the Solicitor
        230 S. Dearborn Street. 8th Floor
        Chicago, Illinois  60604
        Telephone: (312) 353-1145
        Email: Zhang.Jing@dol.gov